# FORD & HARRISON LLP
— ATTORNEYS AT LAW —

100 Park Avenue • Suite 2500 • New York, New York 10017
Tel 212.453.5900 • Fax 212.453.5959
www.fordharrison.com

Writer's Direct Dial:

PHILIP K. DAVIDOFF
(212) 453-5915
pdavidoff@fordharrison.com

November 14, 2011

**VIA ELECTRONIC CASE FILING AND FIRST CLASS MAIL**

The Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  **Lamur v. Sunnyside Community Services, Inc. et al.**
       **Civil Action No.: 11-CV-4439**

Dear Judge Amon:

  We represent Defendants Sunnyside Community Services, Inc., Sunnyside Home Care Project, Inc., and Sunnyside Citywide Home Care Services, Inc. (collectively "Defendants") in the above-captioned matter. Pursuant to your Individual Motion Practices and Rules, we write to request that the Court arrange a pre-motion conference. We seek to move to dismiss, in whole or in part, the Complaint filed by Laurence Lamur ("Plaintiff") on behalf of herself and all others similarly situated under Rule 12(b)(6) of Federal Rules of Civil Procedure ("FRCP"). We notified Plaintiff's counsel orally and in writing that Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") exemptions require dismissal of the Complaint as a matter of law. The basis for our motion is set forth in more detail below.

**I.**   **Plaintiff's Allegations**

  The Complaint alleges that Defendants employed Plaintiff as a Home Attendant from 1993 to 2009. *See* Complaint, ¶ 10. As a Home Attendant, Plaintiff claims that her duties included providing the following services to and for the client: companionship, meal service, grooming assistance, medication administration, bill payment assistance, shopping and running errands, laundry, toileting assistance, and household cleaning. *Id.* at ¶ 11. Plaintiff further asserts that she spent more than half of her work time performing household chores, such as cleaning, laundry, dishes, and cooking for the client. *Id.* Plaintiff asserts that this work is non-exempt under FLSA and NYLL and their regulations. *Id.* at ¶ 19.

  Plaintiff alleges that her work shift was Monday morning to Saturday morning and that she worked 120 hours per week. Plaintiff further asserts that she only slept for approximately 4 hours per night because her client frequently awoke and required her care during the 12-hour period of each workday allegedly designated as "sleep time." *Id.* at ¶ 12.

  Plaintiff contends that she and other purported class members were paid $9.54 per hour for up to 60 hours per week, but were not paid for the other 60 hours per week that she allegedly worked. *Id.* at ¶ 13. As such, Plaintiff claims she and other purported class members were not paid for all

hours worked (including rest periods, meal periods, and "sleeping time"), not paid minimum wage for all hours worked in accordance with the FLSA and NYLL, not paid overtime for hours worked over 40 per week in accordance with the FLSA and NYLL, and not paid the spread of hours under NYLL. *Id.* at ¶¶ 21-23, 27, 31, 39, 48, and 56.

## II. Plaintiff's Allegations Fail to State a Claim Upon Which Relief can be Granted

### A. The Companionship Exemption Bars Plaintiff's FLSA Minimum Wage and Overtime Claims.

The FLSA expressly exempts from its minimum wage and maximum hours requirements "… any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves." 29 U.S.C. § 213(a)(15); *See also, Coke v. Long Island Care-At-Home*, 551 U.S. 158 (2007). "Companionship services" are defined as "those services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs. Such services may include household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes, and other similar services." 29 C.F.R. § 552.6. As such, Plaintiff's allegations of performing services such as companionship, meal service, grooming assistance, medication administration, bill payment assistance, shopping and running errands, laundry, toileting assistance, and household cleaning fall squarely within the companionship exemption. *Id.*; *See also, Torres v. Ridgewood Bushwick Senior Citizens Homecare Council Inc.*, 2009 U.S. Dist. LEXIS 33622 (E.D.N.Y. 2009). Accordingly, the companionship exemption bars Plaintiff's FLSA minimum wage and overtime claims.

### B. The Court Should Not Exercise Supplemental Jurisdiction Over Plaintiff's NYLL Claims.

"In general, where the federal claims are dismissed before trial the state claims should be dismissed as well." *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998). Here, since the companionship exemption bars Plaintiff's FLSA claims, the Court should decline to exercise supplemental jurisdiction over Plaintiff's NYLL claims and dismiss them as well.

### C. The "Certification of Non-Profitmaking Institutions" Exemption Bars Plaintiff's NYLL Overtime and Spread of Hours Claims.

The overtime requirements of the NYLL are set forth in Section 142-2.2 of the Minimum Wage Order for Miscellaneous Industries and Occupations ("Minimum Wage Order"). 12 N.Y.C.R.R. § 142-2.2. Section 652(3)(b) of the NYLL provides that "the provisions of any wage order issued under [the Minimum Wage Act] shall not apply, however, to any non-profitmaking institution" where the organization, within six months after it was organized, has filed a Certification of Non-Profitmaking Institutions with the New York State Department of Labor ("NYSDOL"), certifying that it will pay the statutory minimum hourly rate. Sunnyside Home Care Project—the only Defendant that Plaintiff ever worked for—timely filed a Certification of Non-Profitmaking Institutions with the NYSDOL. Accordingly, that Certification bars Plaintiff's overtime claims under the NYLL.

Furthermore, Section 142-1.1(b) of the Minimum Wage Order explicitly states that employees of nonprofitmaking institutions that have elected to be exempt from coverage under a

minimum wage order pursuant to Section 652(3)(b) of the NYLL are not covered by the Minimum Wage Order. 12 N.Y.C.R.R. § 142-1.1(b). The spread of hours requirement of NYLL is delineated in Section 142-2.4 of the Minimum Wage Order. Therefore, because Sunnyside Home Care Project filed a Certification of Non-Profitmaking Institutions with the NYSDOL in accordance with the requirements of Section 652(3)(b) of the NYLL, Plaintiff's spread of hours claims under the NYLL are barred.

Moreover, even if Plaintiff is not exempt from the spread of hours regulations, she cannot claim she is owed spread of hours' pay. The "'spread of hours' provision in the New York regulations . . . applies only to workers earning the minimum wage." *Franklin v. Breton International, Inc.*, 2006 U.S. Dist. LEXIS 88893 (S.D.N.Y. 2006) (internal citations and quotations omitted). Plaintiff alleges that she received $9.54 per hour (Complaint, ¶ 13), which is significantly above New York's current minimum wage of $7.25.

### D. Plaintiff was not Employed by Defendants Sunnyside Community Services and Sunnyside Citywide Home Care Services

While Plaintiff alleges that she was employed by Defendants from 1993 to 2009 (Complaint, ¶¶ 2, 7, 10), Plaintiff was never employed by Defendant Sunnyside Community Services or Defendant Sunnyside Citywide Home Care Services. The only Defendant that ever employed Plaintiff is Sunnyside Home Care Project. As such, Plaintiff's unsupported, conclusory allegation that she was an employee of Defendants Sunnyside Community Services and Sunnyside Citywide Home Care Services does not withstand the pleading requirements of Rule 8 of the FRCP as delineated by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Accordingly, any and all claims against Defendants Sunnyside Community Services and Sunnyside Citywide Home Care Services should be dismissed.

### E. Plaintiff has Failed to Allege any Facts in Support of her Retaliation Claim.

While Plaintiff alleges a retaliation cause of action in paragraph 1 of the Complaint, she did not include a single fact in the Complaint in support of this claim. As such, Plaintiff's "unadorned, the-defendant-unlawfully-harmed-me accusation" of retaliation falls far short of the pleading requirements under Rule 8 of the FRCP. *Iqbal*, 129 S.Ct. at 1949 (*quoting Twombly*, 550 U.S. at 554-55 (internal citation omitted).

### III. Conclusion

For all the foregoing reasons, Plaintiff fails to state any claims against Defendants upon which relief may be granted, and therefore, her claims should be dismissed with prejudice. As such, we respectfully ask that the Court arrange a pre-motion conference.

Respectfully submitted,

Philip K. Davidoff, Esq.

cc: David Wims, Esq. (via ECF and First Class Mail)

NEW YORK:69377.2