UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
LAURENCE LAMUR,

                          Plaintiff,
on behalf of herself and all others similarly situated,

           -against-

SUNNYSIDE COMMUNITY SERVICES, INC.,
SUNNYSIDE HOME CARE PROJECT, INC.,
SUNNYSIDE CITYWIDE HOME CARE SERVICES,

                            Defendants.
-----------------------------------------------------X

Civil Action No.: 11CV4439

**SECOND AMENDED COMPLAINT**

**PLEASE TAKE NOTICE** that Plaintiff, LAURENCE LAMUR, on behalf of herself and all others similarly-situated, by and through her attorney, hereby complains of Defendants SUNNYSIDE COMMUNITY SERVICES, INC.; SUNNYSIDE HOME CARE PROJECT, INC.; and SUNNYSIDE CITYWIDE HOME CARE SERVICES as follows:

## NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, and the New York Labor Law ("NYLL") Article 19, and implementing regulations, for unpaid wages. Plaintiff brings her wage claims collectively under federal law, with supplemental state law claims. The collective class is Plaintiff and others employed by Defendants as full-time home attendants who were not paid time and one-half for all hours worked beyond forty per week, at any time from November 21, 2008 to present.

## PARTIES

2. Plaintiff Laurence Lamur is a resident of Kings County, New York and the former employee of Defendants.

3. Throughout the relevant time period, Plaintiff was and is an "employee" for purposes of 29 U.S.C. § 203(e) and the NYLL and implementing regulations. As a home attendant for Defendants, Plaintiff used the mails, wires and goods from the stream of commerce, and was engaged in commerce or the production of goods for commerce, as that phrase is defined within the meaning of the FLSA, 29 U.S.C. § 203.

4. Defendant SUNNYSIDE COMMUNITY SERVICES, INC. ("SCSI") is a domestic not-for-profit corporation operating in the home healthcare industry in the City and State of New York,

County of Queens. SCSI is an "employer" and an "enterprise engaged in commerce or in the production of goods for commerce," as those phrases are defined and used in the FLSA.

5. Defendant SUNNYSIDE HOME CARE PROJECT, INC. ("SHCPI") is a domestic not-for-profit corporation operating in the home healthcare industry in the City and State of New York, County of Queens. SHCPI is an "employer" and an "enterprise engaged in commerce or in the production of goods for commerce," as those phrases are defined and used in the FLSA.

6. Defendant SUNNYSIDE CITYWIDE HOME CARE SERVICES ("SCHCS") is a domestic not-for-profit corporation operating in the healthcare industry in the City and State of New York, County of Queens. SCHCS is an "employer" and an "enterprise engaged in commerce or in the production of goods for commerce," as those phrases are defined and used in the FLSA.

7. At all times relevant herein, Plaintiff was controlled and paid by Defendants and performed third-party personal care, housework, general household cleaning and companionship services, *inter alia*. Plaintiff and similarly-situated employees have performed such work continually since the commencement of Plaintiff's employment by Defendants, and been subjected to a common policy and practice of failing to pay time and one-half for all hours worked beyond forty per week.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to FLSA, 29 U.S.C. § 216 (b), and under 28 U.S.C. § 1331. This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391. A substantial part of the events and omissions giving rise to the claims occurred in this judicial district. Defendants conduct business through its employees and employed Plaintiff within this judicial district.

## FACTS

10. Defendants employed Plaintiff as a full-time Home Attendant from 1993 until 2009. Plaintiff's duties included household chores, meal preparation, hygiene assistance, personal healthcare and running errands for the persons to whom Defendants assigned her ("consumer").

11. Plaintiff was responsible for all aspects of her consumer's welfare, including but not limited to providing companionship, meal service, grooming assistance, medication administration, bill payment assistance, shopping/errand accompaniment, laundry and toileting assistance. Plaintiff also cleaned the refrigerator and oven; processed, separated and removed garbage; and performed general household cleaning, including but not limited to external hallways, stairs, common areas and paths of ingress and egress to the consumer's residence. These services were provided in or about the home of the consumer. Plaintiff spent approximately one-third of her working hours doing garbage removal and general household cleaning of the aforementioned things and places.

2

12. Plaintiff's work shift each week was from Monday through Friday from 9:30 am until 9:30 pm, which is 60 hours. Plaintiff performed the aforementioned tasks, and others, throughout the duration of her work shift, consecutively or intermittently.

13. Defendants paid Plaintiff and others bi-weekly at the rate of $9.54 per hour for the sixty hours per week; and failed to pay Plaintiff time and one-half after forty hours per week.

14. Plaintiff had no supervisory duties or responsibilities and did not set Defendants' policies nor act with independence or exercise judgment and discretion.

15. At all times mentioned herein, Plaintiff and the others were responsible for their own work and did not have administrative or management responsibilities, as those terms are used in connection with the FLSA and state wage and hour statutes and regulations.

16. Plaintiff's duties and the duties of others similarly-situated did not require knowledge of an advanced type in a field of service or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

17. The work of the Plaintiff and others similarly-situated required only minuscule amounts of discretion or independent judgment. Plaintiff was neither responsible for, nor allowed to make, relevant decisions regarding policy, procedures or protocol. Plaintiff was otherwise subject to the control, policies and procedures of Defendants in making decisions in the course of her employment. Plaintiff was not classified as administrative personnel, and did not perform an administrative role with Defendants. Plaintiff was a production-type employee tasked with home healthcare, general household work, personal supervision and companionship, and similar duties.

18. Defendants monitored Plaintiff's compliance with their guidelines, procedures, and policies by periodically reviewing Plaintiff's work performance, and by sending supervisors and individuals from management to periodically observe her.

19. The work performed by Plaintiff and putative collective action members was non-exempt work, as that term is used and defined in the U.S. Department of Labor's (DOL) regulations promulgated under the FLSA, and the comparable state wage and hour provisions and regulations in effect in New York.

20. Throughout her employment with Defendants, Defendants failed to post the notices required by 29 C.F.R. § 516.4 (and state analogs), in an attempt to prevent Plaintiff and the others from knowing their FLSA and NYLL rights.

21. When divided by the number of hours worked per week, the hourly rates paid Plaintiff and others by Defendants frequently amounted to less than the minimum wage.

22. Plaintiff and the class members were and are entitled to be paid overtime at one and one-half times their respective regular rates of pay for each hour in excess of forty hours that they worked in any workweek pursuant to the FLSA and NYLL and implementing regulations.

23. Defendants willfully misclassified Plaintiff and all others similarly-situated in order to avoid paying them the full wages to which they were and are entitled; and that action was not based upon advice of counsel nor reliance on guidance from a court or governmental agency of competent jurisdiction.

24. Defendants systematically failed or refused to keep adequate time records in violation of 29 U.S.C. § 211(c) (and state analogs).

25. Plaintiff and the other home attendants, therefore, may establish the hours worked by their own records and testimony.

26. Plaintiff's FLSA claims for overtime are brought as a collective action pursuant to 29 U.S.C. § 216 (b), alleging that Defendants employed the common policy or practice of paying Plaintiff and other home attendants straight-time, regardless of the number of hours worked, failed to post the required notices in its workplace(s), and failed to keep the required records. Plaintiff's state law claims are brought individually.

## COUNT I
### FLSA OVERTIME WAGE CLAIM

27. Plaintiff incorporates each and every one of the above allegations as though fully set forth herein.

28. As more fully set forth above, Plaintiff and class members are non-exempt employees entitled to overtime wages of one and one-half times their regular rates for each hour worked in excess of forty hours per week.

29. As more fully set forth above, Plaintiff and class members were never paid such overtime wages, in violation of § 7 of the FLSA.

30. Defendants owe Plaintiff and its other home attendants the overtime wages and liquidated damages mandated by the FLSA.

31. Plaintiff and the class members were damaged in the amount of their unpaid overtime wages.

32. The class is entitled to a judgment for actual damages, liquidated damages, attorney's fees and costs.

33. Plaintiff, as the representative party, is entitled to recover appropriate compensation for having performed the duties of a representative.

34. The class is entitled to any other relief which the Court may deem just and appropriate to redress the harm inflicted by Defendants and to prevent further violations of the law.

**WHEREFORE**, Plaintiff prays the Court to:

A. Order that this case shall proceed as a collective action under 29 U.S.C. § 216(b) with Plaintiff as a class representative, and Plaintiff's counsel as class counsel;

B. Enter final judgment in favor of the class for actual damages in the amount proven at trial and declaring the rights of the parties;

C. Enter final judgment in favor of the class for liquidated damages in an amount equal to the underpayment of overtime wages as proven at trial;

D. Enter final judgment in favor of the class and against Defendants, reimbursing all costs and expenses incurred in bringing and prosecuting this case, including reasonable attorneys' fees and expense of any necessary expert witness;

E. Enter an order that awards to Plaintiff, as the representative party, appropriate compensation for having performed the duties of class representative;

F. Enjoin Defendants from requiring home attendants to work in excess of forty hours in any workweek without paying them one and one-half times their regular rates for each such hour worked; and

G. Award such other and further relief as the Court deems just and equitable.

## COUNT II
## LABOR LAW OVERTIME WAGE CLAIM

35. Plaintiff incorporates each and every one of the above allegations as though fully set forth herein.

36. Defendants employed Plaintiff in New York, where state law establishes overtime wage requirements parallel to those set forth in the FLSA. In particular, the NYLL § 652 and implementing regulations require that non-exempt employees be paid one and one-half times the employees' regular rates of pay for all hours in excess of forty per week.

37. Defendants owe Plaintiff the overtime wages and liquidated damages mandated by New York law.

38. Defendants failed to pay Plaintiff the overtime wages to which she was entitled under New York law.

39. Defendants willfully deprived Plaintiff of her wages by failing to pay overtime in violation of the NYLL and implementing regulations.

40. Plaintiff was damaged in the amount of her unpaid overtime wages.

41. Plaintiff is entitled to a judgment for actual damages, liquidated damages, attorney's fees and costs.

42. Plaintiff is entitled to any other relief which the Court may deem just and appropriate to redress the harm inflicted by Defendants and to prevent further violations of the law.

**WHEREFORE**, Plaintiff prays the Court to:

A. Enter final judgment in favor of Plaintiff for actual damages in the amount proven at trial;

B. Enter final judgment in favor of Plaintiff for liquidated damages in an amount equal to 100% of the unpaid overtime wages as proven at trial;

C. Enter final judgment in favor of Plaintiff and against Defendants reimbursing all costs and expenses incurred in bringing and prosecuting this case, including reasonable attorneys' fees and expenses of any necessary expert witness;

D. Award such other and further relief as the Court deems just and equitable.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated:  Brooklyn, New York

January 17, 2012

LAW OFFICE OF DAVID WIMS
David C. Wims, Esq. (DW-6964)
*Attorneys for Plaintiff*
1430 Pitkin Ave., 2nd Fl.
Brooklyn, NY 11233
(646) 393-9550

CIV. ACTION #: 11CV4439

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
LAURENCE LAMUR,

                             Plaintiff, on behalf of herself and all others similarly situated,

               -against-

SUNNYSIDE COMMUNITY SERVICES, INC.,
SUNNYSIDE HOME CARE PROJECT, INC.,
SUNNYSIDE CITYWIDE HOME CARE SERVICES,

                             Defendants.
-------------------------------------------------------------------------X

## SECOND AMENDED COMPLAINT

Law Office of David Wims
1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
(646) 393-9550
Fax (646) 393-9552

This certification, pursuant to Federal Rule of Civil Procedure 11,

applies to the following within papers:

                             (1) Second Amended Complaint

Dated: January 17, 2012                Signature _____
                                                          David C. Wims