UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LAURENCE LAMUR,

                        Plaintiff,

  -against-

SUNNYSIDE COMMUNITY SERVICES, INC.,
SUNNYSIDE HOME CARE PROJECT, INC.,
SUNNYSIDE CITYWIDE HOME CARE
SERVICES,

                        Defendants.
----------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-CV-4439 (CBA) (RLM)

**AMON, Chief United States District Judge:**

The plaintiff filed this action on behalf of herself and all others similarly situated, alleging that she worked sixty hours a week as a home attendant without being paid overtime compensation as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. Law § 652.

The plaintiff's complaint initially named three defendants: Sunnyside Home Care Project, Inc., Sunnyside Community Services, Inc., and Sunnyside City Home Care Services. On May 16, 2012 the parties stipulated that the plaintiff had worked only for Sunnyside Home Care Project, Inc. (Docket No. 16.) The plaintiff agreed to dismiss the other two defendants from this action with prejudice. (Id.) The plaintiff also agreed to withdraw her New York Labor Law claim against Sunnyside Care Home Project, Inc. (Id.) This Court so ordered the stipulation on May 18, 2012. (Docket No. 17.) Accordingly, the only claim remaining in this action is the plaintiff's FLSA claim for overtime compensation against Sunnyside City Home Care Project, Inc. (hereinafter "Sunnyside"), brought on behalf of the plaintiff and all others similarly situated.

Sunnyside moves to dismiss the plaintiff's claim for overtime compensation as barred by the "companionship exemption" to the FLSA. Sunnyside also moves to dismiss the collective

1

action portion of the plaintiff's complaint. For the reasons that follow, Sunnyside's motion to dismiss is denied.

## I. BACKGROUND

The plaintiff alleges the following facts, taken as true at the motion to dismiss stage. The plaintiff worked for Sunnyside as a full-time home attendant from 1993 until 2009. She alleges that she and the other home attendants on behalf of whom she brings this lawsuit worked sixty hours a week during the course of their employment without being paid overtime wages for hours worked over forty. (Compl. ¶¶ 12, 22.)

During the course of her employment the plaintiff "performed third-party personal care, housework, general household cleaning and companionship services." (Id. ¶ 7.) Her duties included "household chores, meal preparation, hygiene assistance, personal healthcare and running errands" for the clients assigned to her by the defendants. (Id. ¶ 10.) The plaintiff alleges that she was "responsible for all aspects of her [client]'s welfare, including but not limited to providing companionship, meal service, grooming assistance, medication administration, bill payment assistance, shopping/errand accompaniment, laundry and toileting assistance." (Id. ¶ 11.)

Critically, the plaintiff alleges that she also "cleaned the refrigerator and oven; processed, separated and removed garbage; and performed general household cleaning, including but not limited to external hallways, stairs, common areas and paths of ingress and egress to the consumer's residence." (Id.) The plaintiff alleges that she "spent approximately one-third of her working hours doing garbage removal and general household cleaning of the aforementioned things and places." (Id.)

## II. STANDARD OF REVIEW

On a motion to dismiss brought pursuant to Rule 12(b)(6), a district court "must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the Plaintiff." State Farm Mut. Auto Ins. Co. v. Rabiner, 749 F. Supp. 2d. 94, 98 (E.D.N.Y. 2010). Dismissal is appropriate only if "a plaintiff can prove no set of facts in support of her claim that will entitled her to relief." Id. The question at this stage of litigation is "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support her claims." Id. To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).

## III. DISCUSSION

**A.   FLSA claims**

Sunnyside argues that the plaintiff's claims are barred by the "companionship exemption" to the FLSA, which exempts from overtime compensation requirements "any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary)." 29 U.S.C. § 213 (a)(15). Federal regulations define "companionship services" as:

> those services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs. Such services may include household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes, and other similar services. They may also include the performance of general household work: *Provided, however*, That such work is incidental, i.e., does not exceed 20 percent of the total weekly hours worked.

3

29 C.F.R. § 552.6.

The plaintiff does not dispute that an employee who provides "companionship services" is not covered by the FLSA. Nor does she dispute that many of her duties as a home attendant constitute such services. However, the plaintiff argues that she does not fall within the FLSA exemption because she spent more than 20 percent of her total weekly hours performing "general household work." Sunnyside, on the other hand, argues that all of the duties described in the plaintiff's complaint constitute "household work related to the care of the aged or infirm person," which is not subject to the 20 percent limitation. See <u>Torres v. Ridgewood Bushwick Senior Citizens Homecare Council Inc.</u>, 2009 WL 1086935, at *3 (E.D.N.Y. 2009) (noting that the regulation expressly differentiates between "general household work," which is subject to the 20 percent limitation, and "household work related to the care of the aged or infirm person," which is not).

In <u>Torres</u>, this Court considered the difference between "general household work" and "household work related to the care of the aged or infirm person." The Court relied on an opinion letter written by the Department of Labor that opined that activities like "cleaning the patient's bedroom, bathroom or kitchen" and "picking up groceries, medicine, and dry cleaning" are related to the care of the patient, whereas "activities involving heavy cleaning such as cleaning refrigerators, ovens, trash or garbage removal and cleaning the rest of a 'trashy' house would be general household work . . . subject to the 20 percent time limitation." <u>Torres</u>, 2009 WL 086935, at *3 (quoting Dept. of Labor Opinion Letter dated March 16, 1995, available at 1995 WL 1032475). The Court dismissed the complaint in <u>Torres</u> because the job duties described in the plaintiff's complaint fell squarely into the first category of tasks related to the care of the patient.

4

Unlike in Torres, the plaintiff here expressly alleges that she "spent approximately one-third of her working hours doing garbage removal and general household cleaning," including (1) cleaning the refrigerator and oven; (2) processing, separating and removing garbage; and (3) performing general household cleaning, including of external hallways, stairs, and common areas and paths to the consumer's residence. (Compl. ¶ 11.) These are precisely the types of duties that constitute general household work subject to the 20 percent time limitations. Torres, 2009 WL 086935, at *3.

Sunnyside argues that the decision in Corrales v. Bello, 2009 WL 302271 (S.D. Fla. 2009), establishes that anytime a home attendant is the only person living with an aged or infirm person, then all of the attendant's household work necessarily will be "related to the care of the aged or infirm person." The Court rejects this reading of Corrales. The plaintiff in Corrales argued that she could show through discovery that she spent more than 20 percent of her time doing "general household work" unrelated to the care of the patient. The Court rejected this argument because the plaintiff's own complaint alleged the following:

> Due to Defendants' father's deteriorated health condition, Plaintiff was required to work 24 hours per day tending to him and was constantly required during the nocturnal hours to care for him as well. Plaintiff was unable to sleep for more than (3) hours at night on the average because the Defendants' father would constantly need her help around the clock.

Id. at *2. Because the plaintiff herself alleged that she spent 24 hours a day caring for her client, the Court found that it would be impossible for her to show during discovery that she spent 20 percent of her time on general household cleaning unrelated to the care of her client. Id. Nothing in Corrales supports Sunnyside's argument that any home attendant who cares for a patient living alone necessarily falls within the purview of the companionship exemption.

5

Sunnyside also argues that the plaintiff's allegations about "general household work" are nothing more than a threadbare, formulaic recital of the nonexempt activities listed in Torres. According to Sunnyside, the complaint lacks the factual specificity required to support a finding that the companionship exemption does not apply to the plaintiff. This argument is unavailing. The plaintiff specifically lists her job duties in the complaint and includes in that list tasks that squarely fall within definition of "general household work" adopted in Torres. These allegations are sufficient at the motion to dismiss stage to support a finding that the companionship exemption does not apply to the plaintiff.

Finally, Sunnyside suggests repeatedly in its motion papers that it is "inherently incredible" that the plaintiff spent one third of her weekly hours (20 hours a week) performing general household work unrelated to the care of her clients. This argument is inappropriate at the motion to dismiss stage. Contrary to Sunnyside's suggestion, the facts alleged in the plaintiff's complaint are not clearly baseless, and the Court is required to take them as true in resolving this motion. Although Sunnyside might ultimately show through discovery that the plaintiff did not spend more than 20 percent of her time performing general household work, the allegations in the plaintiff's complaint do not compel that conclusion.

**B.     Collective action**

Sunnyside moves to dismiss any collective action claims brought by the plaintiff on behalf of similarly situated home attendants. The plaintiff did not respond to this argument in her motion papers.

"Section 216(b) of the FLSA permits employees to bring an action 'to recover unpaid overtime compensation and liquidated damages from employees who violate the Act's overtime provisions . . . for and in behalf of himself . . . and other employees similarly situated.'" Lewis v.

Alert Ambulette Serv. Corp., 2012 WL 170049, at *6 (E.D.N.Y. 2012) (quoting 29 U.S.C. § 216(b)). "Unlike a class action brought under Rule 23 of the Federal Rules of Civil Procedure . . . a FLSA class action requires potential employee-plaintiffs to affirmatively opt-in by giving consent in writing to become a party to the action." Id.

"Certification of a FLSA collective action generally proceeds in two steps." Id. at *7 (citing Myers v. Hertz Corp., 624 F.3d 537, 554-55 (2d Cir. 2010)). First, the court makes an initial determination—usually upon motion by the plaintiff—whether to send notice to potential opt-in plaintiffs. Id. "The threshold issue in deciding whether to authorize 'opt-in' notice is to determine whether other employees to whom such notice might be sent are 'similarly situated.'" Doucoure v. Matlyn Food, Inc., 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008); see Fei v. WestLB AG, 2008 WL 7863592 (S.D.N.Y. 2008). "This determination is typically 'based on the pleadings, affidavits and declarations' submitted by the plaintiffs." Rodriguez v. Almighty Cleaning, Inc., 784 F. Supp. 2d 114, 130 (E.D.N.Y. 2011) (quoting Sexton v. Franklin First Fin., Ltd., 2009 WL 1706535, at *3 (E.D.N.Y. 2009)). Because this determination is made at a very early stage of litigation, the "plaintiffs need only make 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" Id. (quotation marks omitted). Second, once additional plaintiffs have opted in and discovery is complete, "'courts conduct a more stringent 'second tier' analysis upon a full record to decide whether the additional plaintiffs are similarly situated to the original plaintiffs.'" Guillen v. Marshalls of MA, Inc., 750 F. Supp. 2d 469, 476 (S.D.N.Y. 2010) (quoting Indergit v. Rite Aid Corp., 2010 WL 2465488, at *4 (S.D.N.Y. 2000)).

Sunnyside argues that the Court should dismiss the plaintiff's collective action claims because the collective class definition is vague and ill-defined, and because determining whether

7

each plaintiff spent more than 20 percent of his or her weekly hours on "general household work" is a fact-intensive inquiry that forecloses any finding that the plaintiff is "similarly situated" to other potential plaintiffs. Sunnyside's arguments are premature. The plaintiff has not requested the issuance of a collective action notice and has not had the opportunity to attempt to make the "modest factual showing" required for the issuance of such notice. All of the cases cited by Sunnyside arose after a plaintiff made a request for the issuance of a collective action notice. Although Sunnyside raises significant questions about whether this case could ever appropriately be maintained as a collective action, it would be premature to reach that question at this juncture.

### IV. CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss is denied.


SO ORDERED.

Dated: Brooklyn, New York
   August 8, 2012

                     /s/
                   Carol Bagley Amon
                   Chief United States District Judge